FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

2017 JUN 21 PM 12:01

US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

| | |
|---|---|
| ANA OLIVEIRA PINTO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| HUNTER WARFIELD, INC., | ) |
| | ) |
| Defendant. | ) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

NOW COMES the plaintiff, ANA OLIVEIRA PINTO, by and through her attorneys, SMITHMARCO, P.C., and for her Complaint against the defendant, HUNTER WARFIELD, INC., the plaintiff states as follows:

### I. PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. §1692, et seq.

### II. JURISDICTION & VENUE

2. Jurisdiction arises under the FDCPA, 15 U.S.C. §1692 et seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III. PARTIES

4. ANA OLIVEIRA PINTO, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of Orlando, County of Orange, State of Florida.

5. The debt that Plaintiff was allegedly obligated to pay was a debt allegedly owed by Plaintiff to Advenir at Broadwater (hereinafter, "the Debt").

6. The Debt was for alleged charges relating to an apartment lease which was for the personal use of Plaintiff and/or used for household expenditure.

7. At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

8. HUNTER WARFIELD, INC., (hereinafter, "Defendant") is a business entity engaged in the collection of debt within the State of Florida. Defendant's principal place of business is located in the State of Florida. Defendant is incorporated in the State of Florida.

9. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

10. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

11. During the course of its efforts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence via the mail and/or electronic mail and initiates contact with alleged debtors via various means of telecommunication, such as the telephone and facsimile.

12. At all relevant times, Defendant acted as a debt collector as that term is defined by 15 U.S.C. §1692a(6).

13. At all relevant times, Defendant acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## IV. ALLEGATIONS

14. Defendant is seeking to collect alleged expenses from an apartment Plaintiff moved from. Plaintiff alleges that the charges are invalid as it seeks to recover for rent for a time that Plaintiff had vacated the premises properly after complying with the terms of her lease. At no time after vacating the premises was Plaintiff contacted and advised that any money was due and owing for any reason.

15. On or about March 15, 2017 Defendant initiated a telephone call to Plaintiff's mother, Elizete Pinto.

16. During the course of the aforementioned telephone call, Plaintiff's mother advised that if they wanted to speak with the Plaintiff, they should call her directly.

17. Defendant's representative stated that they attempted to call Plaintiff but that Plaintiff had not answered the calls.

18. Plaintiff's mother believed at that time that the call was some sort of scam or illegitimate enterprise, and she hung up the phone.

19. Plaintiff's mother then called back to the Defendant to determine if Defendant was a legitimate enterprise. The Defendant's representative then and there stated that this was not a scam, that Plaintiff owed money and was refusing to pay.

20. During the course of the aforementioned telephone conversation, Defendant disclosed that it was a debt collector and that Plaintiff owed a debt.

21. Despite being cognizant of Plaintiff's location and despite having no authorization from Plaintiff to contact third parties, Defendant has initiated multiple telephone calls to Plaintiff's mother.

22. Plaintiff's mother did not request that she be contacted by Defendant.

23. Plaintiff did not consent to Defendant contacting third parties.

24. On March 21, 2017 Plaintiff called Defendant to dispute the Debt. Plaintiff informed Defendant that its information was in error with respect to when Plaintiff left the residence and that the apartment complex does not have any record of what this alleged Debt is composed.

25. On or about March 26, 2017, without first verifying the truth of what it was reporting, Defendant sent information to one or more credit reporting agencies as that term is defined by 15 U.S.C. §1681a(4) stating that the debt was outstanding in the amount of $2,443.11.

26. The information reported to the aforesaid credit reporting agencies was false in that Plaintiff does not owe $2,443.11 if she owes anything at all.

27. Defendant should have known the information reported was false and failed to act upon information known to Defendant before communicating credit information.

28. In its attempts to collect the debt allegedly owed by Plaintiff to Advenir at Broadwater, Defendant violated the FDCPA, 15 U.S.C. §1692, in one or more of the following ways:

   a. Communicated with any person other than the consumer for the purpose of acquiring location information about the consumer and stating that the consumer owes any such debt in violation of 15 U.S.C. §1692b(2);

   b. Communicated with any person other than the consumer more than once without authorization from the consumer and without a reasonable belief that the earlier response from said person as to the consumer's location was erroneous or incomplete in violation of 15 U.S.C. §1692b(3);

   c. Engaged in conduct the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of a debt in violation of 15 U.S.C. §1692d;

   d. Communicated credit information that is false or should be known to be false in violation of 15 U.S.C. §1692e(8)

  e. Was otherwise deceptive and failed to comply with the provisions of the FDCPA.

29. As a result of Defendant's violations as aforesaid, Plaintiff has suffered, and continues to suffer, personal humiliation, embarrassment, mental anguish and emotional distress.

## V.    Jury Demand

30. Plaintiff hereby demands a trial by jury on all issues so triable.

## VI.    Prayer for Relief

WHEREFORE, Plaintiff, ANA OLIVEIRA PINTO, by and through her attorneys, respectfully prays for Judgment to be entered in favor of Plaintiff and against Defendant as follows:

  a. All actual compensatory damages suffered;

  b. Statutory damages of $1,000.00;

  c. Plaintiff's attorneys' fees and costs;

  d. Any other relief deemed appropriate by this Honorable Court.

Respectfully submitted,
ANA OLIVEIRA PINTO

By: _____
David M. Marco
Attorney for Plaintiff

Dated: June __, 2017

David M. Marco
IL Bar No. 6273315/FL Bar No. 125266
SMITHMARCO, P.C.
55 W. Monroe Street, Suite 1200
Chicago, IL 60603
Telephone: (312) 546-6539
Facsimile: (888) 418-1277
E-Mail: dmarco@smithmarco.com